United States District Court
Western District of Texas
Austin Division

| | | |
|---|---|---|
| | § | |
| James W. Robertson, Sr. and | § | |
| Robertson Technologies, Inc., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Case No. 1:18-CV-00373-LY |
| v. | § | |
| | § | |
| Intratek Computer, Inc., Allan Fahami, and | § | |
| Roger Hayes Rininger, | § | |
| | | |

Defendants.

## THE UNITED STATES' MOTION FOR PARTIAL SUBSTITUTION

The United States files this motion for partial substitution, seeking to substitute itself for Defendant Roger Rininger with respect to certain claims raised in the Second Amended Complaint (ECF No. 51).

## I.      PRELIMINARY STATEMENT

In this lawsuit, Plaintiffs assert common-law tort claims against a former employee of the Department of Veterans Affairs ("VA"), Defendant Roger Rininger, based on his alleged interference with Plaintiffs' business and contractual relations.  Included as a basis for Plaintiffs' claims are allegations that Rininger (i) told VA officials that Plaintiffs were incompetent; (ii) supplied the language used in contract bid requirements; and (iii) caused the VA to attempt to cancel certain contracts, including Plaintiffs' subcontracts by association.  Pursuant to the Westfall Act, codified at 28 U.S.C. § 2679, the United States should be substituted for Defendant Rininger with respect to the claims, or portions of claims, that concern Defendant Rininger's conduct within the VA.  This proposed substitution does not cover the alleged conduct occurring

2

outside the Department of Veterans Affairs, to include the acceptance of gifts and other items of value or statements made to individuals outside the Department regarding Plaintiffs, as well as any conduct alleged to have taken place after Rininger ceased employment with the Department of Veterans Affairs.

## II.      RELEVANT ALLEGATIONS

According to the Second Amended Complaint, Defendants Allan Fahami and Intratek "worked hard to wine and dine VA employees," including Defendant Rininger, to influence contracts awarded by the National Service Desk.  *See* 2d. Am. Compl. ¶¶ 33–40.  They allege that as a Service Line Manager, Rininger was "important and could influence the provision of contracts because he supplied the language used in the bid contracts."  *Id.* ¶ 40.  Plaintiffs allege that as a result of Fahami and Intratek's bribery campaign, Rininger defamed Plaintiffs, misrepresented their competence, interfered with Plaintiffs' contracts and prospective contracts by influencing contract bid requirements, and caused the National Service Desk to attempt to cancel general contracts affecting Plaintiffs, the subcontractor.  *Id.* ¶¶ 58–60.  Based on these allegations, Plaintiffs assert claims against Defendant Rininger tortious interference with existing contracts and prospective contracts and business relations.  *See* 2d Am. Compl. ¶¶ 72–95.

## III.      ARGUMENT AND AUTHORITIES

"If," as in this case, "a plaintiff files a state-law tort suit against an individual government employee," a statute commonly known as the Westfall Act "provides that the Attorney General may certify that the employee was acting within the scope of [his office or] employment 'at the time of the incident out of which the claim arose.'"  *Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008) (quoting 28 U.S.C. § 2679(d)(1)).  "Upon the Attorney General's certification, the tort suit automatically converts to an FTCA 'action against the United States' in federal court; the Government becomes the sole party defendant; and the FTCA's requirements, exceptions, and

3

defenses apply to the suit." *Id.* (quoting 28 U.S.C. § 2679(d)(1)).  The Attorney General has

delegated the authority to make this Westfall Act certification to, among others, "[t]he United

States Attorney for the district where the civil action or proceeding is brought[.]"  28 C.F.R.

§ 15.4(a).

In Texas, an employee's conducts falls within the scope of employment if the actions

were: "(1) within the general authority given him, (2) in furtherance of the employer's business;

and (3) for the accomplishment of the object for which the employee was employed."  *Counts v.

Guevara*, 328 F.3d 212, 214 (5th Cir. 2003) (citations omitted).  If the employee deviates from

performance of his duties for his own purposes, the employer is not liable for the employee's

deviation.  *See ITT Consumer Fin. Corp v. Tovar*, 932 S.W.2d 147, 158 (Tex. App.—El Paso

1996, writ denied).  Still, in circumstances "where an employee acts with two purposes—one

personal and one to further the business of the employer"—liability can be imputed to the

employer even if the predominant motive of the employee is personal.  *Rodriguez v. Sarabyn*,

129 F.3d 760, 768 (5th Cir. 1997).

"The scope-of-employment analysis [] remains fundamentally objective: Is there a

connection between the employee's job duties and the alleged tortious conduct?  The answer may

be yes even if the employee performs negligently or is motivated by ulterior motives or personal

animus so long as the conduct itself was pursuant to her job responsibilities."  *Laverie v.

Wetherbe*, 517 S.W.3d 748, 752–53 (Tex. 2017) (citation omitted).  Indeed, "[e]xtensive

precedent makes clear that alleging a federal employee violated policy or even laws in the course

of her employment—including specific allegations of defamation or of potentially criminal

activities—does not take that conduct outside the scope of employment."  *See Bolton v. United

States*, 946 F.3d 256, 261 (5th Cir. 2019) (citing *Smith v. Clinton*, 886 F.3d 122, 126 (D.C. Cir.

2018) (per curiam)) (collecting cases).  That is because "[i[f a tort committed during conduct otherwise within the scope of a government agent's duties were construed as falling outside the agent's duties, it would completely abrogate the personal immunity granted by 28 U.S.C. § 2679."  *Bolton*, 946 F.3d at 261.  Thus, in the context of this case, the proper inquiry is whether contributing language used in bid contracts and internally commenting on the competence of contractors was in the course of Rininger's employment, not whether he committed a tort during the process.  *Id.*

On December 22, 2022, Mary Kruger, Chief of the Civil Division of the United States Attorney's Office for the Western District of Texas, certified that based on the information currently available, Defendant Rininger "was acting within the scope of his employment with the United States at the time of the conduct alleged to have occurred within the Department of Veterans Affairs."  *See* Ex. A, Kruger Decl. (citing, *e.g.*, 2d Am. Compl. ¶¶ 40, 58, 59, 73, 80–92, 85, 92–95).  Accordingly, Plaintiffs' First, Second, Third, and Fourth causes of action for tortious interference "shall be deemed [as] against the United States," and "the United States shall be substituted as the party defendant" for Defendant Rininger as to the portions of these claims that pertain to Defendant Rininger's alleged conduct within the Department of Veterans Affairs, as covered by the certification.  § 2679(d)(1).[1]

IV.    CONCLUSION

For these reasons, proposed party Defendant United States of America respectfully requests that as to the portions of these claims that pertain to Defendant Rininger's alleged conduct within the Department of Veterans Affairs, including contributing language used in bid

---

[1] The substitution of the United States for Defendant Rininger affects the merits of Plaintiffs' claims, as the Federal Tort Claims Act imposes additional jurisdictional limitations that do not apply to private defendants.  The United States reserves the right to raise available defenses pending the resolution of this motion for substitution.

contracts and internally commenting on the competence of contractors, this action proceed as an action against the United States of America under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.* *See* 28 U.S.C. § 2679(d)(4). This proposed substitution does not cover any alleged conduct occurring outside the Department of Veterans Affairs, to include the acceptance of gifts and other items of value or statements made to individuals outside the Department regarding Plaintiffs, as well as any conduct alleged to have taken place after Rininger ceased employment with the Department of Veterans Affairs.

Respectfully Submitted

**JAIME ESPARZA**
**UNITED STATES ATTORNEY**

By:     */s/ Faith Johnson Lowry*
        **FAITH JOHNSON LOWRY**
        Assistant U.S. Attorney
        Texas Bar No. 24099560
        Robert D. Green
        Assistant U.S. Attorney
        Texas Bar No. 24087626
        U.S. Attorney's Office
        601 N.W. Loop 410, Suite 600
        San Antonio, TX 78216-5597
        Tel. (210) 384-7355
        Fax (210) 384-7312
        Faith.Johnson@usdoj.gov

        **ATTORNEYS FOR**
        **UNITED STATES OF AMERICA**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for all parties via email on December 29th, 2022. Counsel for Intratek Computer, Inc. and Allan Fahami, are unopposed to the relief requested in this motion. Counsel for Plaintiffs James W. Robertson, Sr. and Robertson Technologies, Inc. are opposed to the portions of Rininger's conduct that the United States wishes to certify and are unopposed to the portions that the United States has declined to certify. Counsel for Defendant Roger Rininger is unopposed to the portions of Rininger's conduct that the United States wishes to certify and opposed to the portions of Rininger's conduct that the United States has declined to certify.

/s/ Faith Lowry
Faith Johnson Lowry

7

United States District Court
Western District of Texas
Austin Division

| | | |
|---|---|---|
| James W. Robertson, Sr. and | § | |
| Robertson Technologies, Inc., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Case No. 1:18-CV-00373-LY |
| v. | § | |
| | § | |
| Intratek Computer, Inc., Allan Fahami, and | § | |
| Roger Hayes Rininger, | § | |
| | | |
| Defendants. | | |

## **ORDER**

This matter is before the Court on the Motion for Partial Substitution filed by the United States of America.   Upon consideration the motion and the Court finding the same to be meritorious, it is ORDERED that the United States of America be, and hereby is, substituted for and on behalf of Defendant Roger Hayes Rininger with respect to Plaintiffs' claims based on conduct alleged to have occurred within the Department of Veterans Affairs.

All pleadings filed in this action shall henceforth reflect the addition of United States of America as a part defendant in this action.

This the _____ day of _____, _____.

_____
UNITED STATES DISTRICT JUDGE

8