UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES W. ROBERTSON, SR. and ROBERTSON TECHNOLOGIES, INC., *Plaintiffs*, <br><br> v. <br><br> INTRATEK COMPUTER, INC., ALLAN FAHAMI, ROGER HAYES RININGER, and UNITED STATES OF AMERICA, *Defendants*. | No. 1:18-cv-00373-ADA |

## MOTION TO DISMISS

Defendant the United States of America files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

## INTRODUCTION

Plaintiffs filed their Second Amended Complaint in July 2022, asserting claims against a group of Defendants that included a former employee of the Department of Veterans Affairs, Defendant Roger Rininger. Docket no. 51. The United States certified pursuant to 28 U.S.C. § 2679 and 28 C.F.R. § 15.4 that Plaintiff's claims against Rininger arose in part from actions within the scope of his employment with the Department of Veterans Affairs and moved to partially substitute itself as a Defendant in Rininger's place. Docket nos. 68, 68-1. After other parties indicated their opposition to this partial substitution, the United States moved for entry of a briefing schedule on the Motion to Substitute, noting that "[i]f the motion to substitute is granted, the United States would then file a motion to dismiss based on the jurisdictional limitations of the FTCA." Docket no. 66 at ¶ 6. Upon consideration of the parties' arguments, the Court has granted the United States' Motion for Partial Substitution, docket no. 88, and has set an August 28, 2023,

deadline for the United States to file a responsive pleading. Text Order entered on Aug. 7, 2023.

Following the partial substitution of the United States for Rininger, Plaintiffs' Second Amended Complaint set forth four claims against the United States, all of which allege tortious interference with various contractual and business relationships. *See* docket no. 51 at ¶¶ 72-95 (First through Fourth causes of action).

## LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires the dismissal of claims over which the Court lacks subject matter jurisdiction. Plaintiff, as the party asserting jurisdiction, bears the burden of establishing its existence. *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). "The standard of review is similar to that of Rule 12(b)(6) but allows the court 'to consider a broader range of materials,' such as 'undisputed facts in the record' or 'the court's resolution of disputed facts.'" *Jenkins v. TriWest Healthcare All.*, No. 22-30429, 2023 WL 1814885, at *1 (5th Cir. Feb. 8, 2023) (quoting *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008)).

The United States and its agencies have sovereign immunity from any lawsuit unless that immunity has been waived, and the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *M.D.C.G. v. United States*, 956 F.3d 762, 767 (5th Cir. 2020); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Plaintiffs' claims sound in tort, and the Federal Tort Claims Act provides "the exclusive remedy for suits against the United States or its agencies sounding in tort." *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citing 28 U.S.C. § 2679(a)). The FTCA creates a limited waiver of the United States' sovereign immunity for certain tort claims, but Plaintiff's claims do not arise within

this waiver for the two reasons set forth below. Where, as here, the United States has certified that a claim against a federal employee or former employee arises from conduct within the scope of that employee's federal employment, the action "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4).

## ARGUMENT

This Court lacks subject matter jurisdiction over Plaintiffs' claims against the United States for two reasons. First, Plaintiffs have not completed the FTCA's administrative exhaustion requirement, which is a jurisdictional prerequisite to asserting a claim against the United States in this Court. Second, Plaintiffs' tort claims against the United States arise under a tortious interference theory—but the FTCA's waiver of sovereign immunity excludes such claims.

### A. Administrative Exhaustion

The FTCA sets forth an administrative exhaustion requirement that provides that "[a]n FTCA claim must be 'presented in writing to the appropriate Federal agency'" before litigation can commence in federal district court. *Broussard v. United States*, 52 F.4th 227, 229 (5th Cir. 2022) (quoting 28 U.S.C. § 2401(b)). "That exhaustion is a 'jurisdictional prerequisite for FTCA claims that cannot be waived'—" [i]f a plaintiff cannot show exhaustion, he has not pleaded a federal question." *Jenkins*, 2023 WL 1814885, at *1 (quoting *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019)).

Plaintiffs have not completed the FTCA's administrative presentment requirement, and their claims are therefore subject to dismissal for lack of jurisdiction.

### B. The Scope of the FTCA's Waiver of Sovereign Immunity

The FTCA waives the sovereign immunity of the United States from certain suits in tort—

but that waiver "is subject to a number of exceptions set forth in § 2680" one of which "preserves the Government's immunity from suit for "[a]ny claim arising out of . . . interference with contract rights.'" *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C. § 1346(b)(1)). Plaintiffs' claims against the United States allege, respectively, "Tortious Interference with Prospective Contract of Business Relations[,]" "Tortious Interference with Contract[,]" "Tortious Interference with Prospective Contract or Business Relation[,]" and "Tortious Interference with Contract[.]" Docket no. 51 at 15-17 (First through Fourth Causes of Action). Since the FTCA's waiver of sovereign immunity excludes each of these claims, the United States' sovereign immunity is preserved as to each of them, and this Court lacks subject matter jurisdiction over those claims.

## CONCLUSION

This Court lacks subject matter jurisdiction over Plaintiffs' claims against the United States for two reasons: Because (1) Plaintiffs have not exhausted their administrative remedies under the FTCA; and (2) because their claims of interference with contract rights are excluded from the FTCA's waiver of sovereign immunity. The Court should grant the United States' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismiss Plaintiffs' claims against the United States.


Dated: August 28, 2023.                    Respectfully Submitted
                                           **Jaime Esparza**
                                           **United States Attorney**

                              By:   */s/ Robert D. Green*
                                    ROBERT D. GREEN
                                    Assistant U.S. Attorney
                                    Texas Bar No. 24087626
                                    U.S. Attorney's Office
                                    601 N.W. Loop 410, Suite 600

San Antonio, TX 78216-5597
Tel. (210) 384-7355
Fax (210) 384-7312
robert.green3@usdoj.gov

***Attorneys for United States of America***